IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Richard P. Matsch
~~Magistrate Judge Kristin L. Mix~~

Civil Action No. 1:14-CV-01896-RPM

DMITRY KATSEL and HELENA KATSEL,

Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,
an Illinois company,

Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for

September 3, 2014 at 10:30 a.m.  Plaintiffs Dmitry Katsel and Helena Katsel are represented by

Brandee B. Bower, Esq., Merlin Law Group, PA, 999 18th Street, Denver, CO  80202, 303-357-

2374. Defendants Allstate Fire and Casualty Insurance Company is represented by Alan Peter

Gregory, Esq., and Aaron J. Pratt, Esq., Harris, Karstaedt, Jamison & Powers, P.C., 10333 East

Dry Creek Rd., Ste. 300, Englewood, CO 80112, (720) 875-9140.

### 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, because diversity of

citizenship exists between the Plaintiff and Defendant, and the Plaintiff alleges that the amount

in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiffs*: Plaintiffs have filed suit based upon breach of contract, statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116 and bad faith breach of insurance contract and breach of the covenant of good faith. Plaintiffs allege that Defendant has refused to provide covered benefits to the insured Plaintiffs based upon Defendant's interpretation of its contract and wrongful investigation. This matter stems from wind and hail storm damage done to Plaintiff's property on June 8, 2012 and September 14, 2013. Plaintiff had a replacement cost value policy and made a claim for covered benefits in a timely manner. Plaintiff has submitted all estimates for damages to Defendant, but Defendant has failed to pay Plaintiff's claim in full.

b. *Defendant*: Defendant paid all of the coverage benefits due Plaintiffs under Plaintiffs' Allstate insurance policy for wind and hail related damages. Accordingly, Defendant denies each of Plaintiffs' three claims.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiffs purchased an insurance policy that was in effect on June 8, 2012 and on September 14, 2013.

2. In exchange for Plaintiffs purchase of the Policy, Allstate promised to perform according to the terms and provisions of the Policy.

3. A storm on June 8, 2012 caused damage to the Plaintiffs' property.

4. A storm on September 14, 2013 caused damage to the Plaintiffs' property.

5. Plaintiffs timely reported the covered losses and damages to Defendant and made claims for the losses and damages to their property.

6. Claim number 0250968120PJB was assigned to the Plaintiffs' claim for the June 8, 2012 loss.

7. Claim number 0299941293PIW was assigned to the Plaintiffs' claim for the September 14, 2013 loss.

8. On July 5, 2012, Plaintiffs received an email from Defendant confirming that their claim was successfully submitted.

9. On July 11, 2012, an adjuster from Defendant inspected Plaintiffs' property.

10. On July 20, 2012, Plaintiffs faxed and emailed estimates to Defendant.

11. On July 31, 2012, Defendant denied coverage for Plaintiffs' damaged water heater.

12. On August 1, 2012, Plaintiff emailed to Defendant an estimate from Vertical Construction. Plaintiff faxed the same to Defendant on August 9, 2012.

13. Plaintiffs provided photographs of their new patio doors to Defendant.

14. On September 27, 2013, an adjuster from Defendant inspected Plaintiffs' property.

15. On October 8, 2013, an adjuster from Defendant inspected Plaintiffs' property.

16. Invoices for painting and estimates for other damages were submitted by Plaintiffs to Defendant on October 9, 2013.

17. On October 20, 2013, an adjuster from Defendant inspected Plaintiffs' property.

18. On October 24, 2013, Defendant paid to Plaintiffs $4,460.29.

19. On or about December 5, 2013, Plaintiffs submitted a report to Defendant purportedly prepared by Higgins and Associates, Inc.

20. On January 2, 2014, Plaintiffs submitted to Defendant an invoice from Higgins & Associates for their engineering report.

21. Rimkus Engineering ("Rimkus") inspected Plaintiffs' property on April 2, 2014 at the request of Defendant.

22. Rimkus issued a report on April 21, 2014.

23. On May 6, 2014, Defendant denied coverage for wall elevation.

24. On May 8, 2014, Defendant denied coverage for a portion of damages claimed by Plaintiffs based off of the adjuster's inspection of April 2, 2014.

## 5. COMPUTATION OF DAMAGES

a. *Plaintiff:* Plaintiff claims damages for the wind and hail storm, plus statutory damages, punitive damages, attorney fees, costs, interest and such further relief as the Court deems just and proper.

b. *Defendant:* Defendant is not claiming damages in this matter.

## 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: August 6, 2014

b. Plaintiffs Dmitry Katsel and Helena Katsel were represented by Brandee B. Bower, Esq., Merlin Law Group, PA, 999 18th Street, Denver, CO 80202, 303-

357-2374. Defendant Allstate Fire and Casualty Insurance Company was represented by Aaron J. Pratt, Esq., Harris, Karstaedt, Jamison & Powers, P.C., 10333 East Dry Creek Rd., Ste. 300, Englewood, CO 80112, (720) 875-9140.

c.  Proposed changes, if any, in timing or requirement of disclosures under

Fed. R. Civ. P. 26(a)(1). None

d.  Statement as to when Rule 26(a)(1) disclosures were made:

*Plaintiff:* August 20, 2014

*Defendant:* August 20, 2014.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: The parties have agreed to the use of a unified exhibit numbering system for all deposition exhibits and to informally discuss settlement on an on-going basis during all phases of the case process.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The parties anticipate that their claims and defenses will involve a minimal amount of electronically stored information. The parties have taken the following steps to preserve the electronically stored information: (a) Plaintiffs represent that they may have emails or electronically stored information relevant to their claims, and agree to preserve each and every electronic storage device in their possession; (b) Plaintiffs are locating and securing relevant paper and electronic files; (c) Defendant has taken steps to preserve relevant electronic files; and

{7569.0981 Doc #:00641585;1}

5

(d) Defendant is locating and securing relevant paper and electronic files.

Plaintiff and Defendant will produce documents in PDF format either through a compact disc or a cloud-based file transfer service. In the event that either Plaintiffs or Defendant seek information in native format, the parties agree to discuss this request.

## 7. CASE PLAN AND SCHEDULE

a.    **The filing of amended and supplemental pleadings will be made pursuant to Fed. R. Civ. P. 15.**

b.    **Discovery Cut-Off:**  April 6, 2015

c.    **Dispositive Motion Deadline:**  May 6, 2015

d.    **Expert Witness Disclosures:**

(1)    Each party is considering experts in fields relating to insurance bad faith and construction. Each party may designate expert witnesses in additional fields as discovery in this case progresses.

(2)    No limitation on the number of expert witnesses.

(3)    The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 6, 2015.

(4)    The parties shall designate all contradicting experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 6, 2015.

{7569.0981 Doc #:00641585;1}

(5)    Any rebuttal opinions will be exchanged on or before March 20, 2015.

(6)    Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.    **Deposition Schedule:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff Dmitry Katsel | TBD | TBD | 7 hours |
| Plaintiff Helena Katsel | TBD | TBD | 7 hours |
| Representative of Allstate Fire and Casualty Insurance Company | TBD | TBD | 7 hours |
| Plaintiffs' Experts | TBD | TBD | 7 hours |
| Defendants' Experts | TBD | TBD | 7 hours |

The parties may identify and take additional depositions after discovery has progressed in this matter.

f.    **Interrogatory Schedule:**   All interrogatories shall be served no later than February 1, 2015.  Parties shall respond to Interrogatories within 30 days after being served, pursuant to Fed. R. Civ. P. 33.

g.    **Schedule for Request for Production of Documents:**   All requests for production of documents shall be served no later than February 1, 2015.  Parties shall respond to Requests for Production of Documents within 30 days after being served, pursuant to Fed. R.

Civ. P. 34.

    **h.**    **Discovery Limitations:**

        (1)    Any limits which any party wishes to propose on the number of depositions.

        None.

        (2)    Any limits which any party wishes to propose on the length of depositions.

        The parties agree that each deposition shall be limited to one (1) day of seven (7) hours, as set forth in Fed. R. Civ. P. 30(d)(1).

        (3)    Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

        Plaintiff and Defendants agree that each party shall be limited to thirty (30) interrogatories.

        (4)    Limitations which any party proposes on number of requests for production of documents and/or requests for admission.

        Plaintiff and Defendants agree that each party shall be limited to thirty (30) requests for production, and twenty (20) requests for admission.

    **i.**    **Other Planning or Discovery Orders:** None.

## 8. OTHER SCHEDULING ISSUES

    a.    A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

    None.

{7569.0981 Doc #:00641585;1}

b.      Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate the jury trial on this matter will take five (5) days.

## 9. AMENDMENTS TO SCHEDULING ORDER

The parties acknowledge that the Scheduling Order may be altered or amended only upon

a showing of good cause.

DATED this 3rd day of September 2014.

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

SCHEDULING ORDER REVIEWED:

*Original signature on file at the offices of*
*Merlin Law Group*

s/ Brandee B. Bower
Brandee B. Bower, Esq.
Merlin Law Group
999 18th Street, Suite 3000
Denver, CO 80202
(303) 357-2374

s/ Aaron Pratt
Alan Peter Gregory
Aaron J. Pratt
Harris, Karstaedt, Jamison & Powers, P.C.
10333 East Dry Creek Road , Suite 300
Englewood, CO 80112
(720) 875-9140

ATTORNEY FOR PLAINTIFF

ATTORNEYS FOR DEFENDANTS

{7569.0981 Doc #:00641585;1}